UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA FEB -3   PH 3:44
MIAMI DIVISION
Case No. 05-22163-CIV-HOEVELER

MARIA LUISA BERNAL, a Colombian Citizen,

     Plaintiff,

v.

UBS INTERNATIONAL INC., a Florida
Corporation, GROVE ISLE CONDOMINIUM
UNIT C1701, 3 Grove Isle Drive, Miami, Florida,
REMBRANDT HOLDING INC., a Florida
Corporation and ALLIED FARMS LLC, a Florida
Limited Liability Corporation,

     Defendants.

_____/

## DEFENDANT UBS INTERNATIONAL, INC.'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO UBS INTERNATIONAL, INC.'S MOTION TO COMPEL ARBITRATION AND/OR DISMISS

Defendant UBS International Inc. ("UBS International") respectfully submits this Reply to Plaintiff's Memorandum of Law in Opposition to UBS International's Motion to Compel Arbitration And/or Dismiss.

### MEMORANDUM OF LAW

**A.    Plaintiff Must Resolve Her Claims in Arbitration**

Plaintiff seeks to avoid her obligation to arbitrate this dispute with UBS International by arguing that only the Trustee of the Mona Lisa Trust, supposedly Trident Trust Company, could bind the Mona Lisa Trust to arbitrate, and did not do so. Plaintiff's argument completely misses the mark. Nothing in the account opening documents signed by Plaintiff to open Mona Lisa Trust's account

Case No. 05-22163-CIV-HOEVELER

with UBS International suggest that Mona Lisa Trust was anything other than a corporation. Nothing in the documents suggests that Trident Trust (1) had anything to do with the opening of the account; (2) deposited any money into the account; or (3) had any right to give orders regarding the account. As documented in UBS International's Motion to Compel Arbitration, Plaintiff and her husband, Richard Vaughn, opened and funded the Account, and only Plaintiff and Mr. Vaughn could enter into agreements pertaining to the account or give instructions concerning the Account. Plaintiff and Mr. Vaughn freely and voluntarily agreed to arbitrate all disputes regarding the Account they had opened, which they represented they had opened for a corporate entity known as the Mona Lisa Trust.

If Plaintiff wishes to claim that UBS International opened the account incorrectly, she can only do so by asserting the rights of the Mona Lisa Trust: she has no relationship to UBS International other than through the Mona Lisa Trust.  In fact, elsewhere in her Memorandum of Law in Opposition to UBS International's Motion to Compel Arbitration, Plaintiff asserts that she is now the Mona Lisa Trust and that she need not make Trident Trust a party to this action. The Mona Lisa Trust's rights against UBS International depend on its having established an account with the firm, and, in establishing an account, Mona Lisa Trust agreed to arbitrate its disputes with the firm. Plaintiff cannot, on the one hand, assert a claim against UBS International based on alleged violations of duties that could arise only by virtue of having account agreements and having an account with UBS International, and, on the other hand, seek to avoid the import of those agreements.

-2-

Case No. 05-22163-CIV-HOEVELER

The only case on which Plaintiff relies does not support Plaintiff's position.[1] *Niven v. G.F.B. Enterprises, LLC.*, 849 So.2d 1093 (Fla. 3d DCA 2003), involved a motion to vacate an arbitration award, where the arbitrator had both found that the agreement containing the arbitration clause was invalid because one of the parties to the agreement had not executed it, and had also gone on to award relief to the non-executing party. The Third District held that the arbitrator could not both find the arbitration agreement invalid and make an award in the arbitration. This decision plainly has no application here.

Plaintiff cites no authority supporting her refusal to honor her agreement to arbitrate. Therefore, UBS International respectfully submits, for the reasons and authorities cited in its Motion to Compel Arbitration, that his Honorable Court should enter an Order compelling Plaintiff to arbitrate.

**B. In The Event That Plaintiff Is Not Bound to Arbitrate, Then Plaintiff's Amended Complaint Should Be Dismissed For Failure to State a Claim for Which Relief Can Be Granted.**

Plaintiff does not (and cannot) allege that she was ever a customer of UBS International. Because Plaintiff was not a customer of UBS International, UBS International owed her no duties as an individual. As UBS International owed her no duties, it cannot be liable for negligence toward Plaintiff.

---

[1]Plaintiff relies on Florida arbitration law. However, Plaintiff does not and cannot dispute that this case is governed by the Federal Arbitration Act, as brokerage contracts involve interstate commerce. *See, e.g., Qubty v. Nagda*, 817 So.2d 952 (Fla. 5th DCA 2002); *Wieneke v. Raymond James & Associates, Inc.,* 495 So.2d 869, 71 (Fla. 2d DCA 1986). Further, there is no claim that the Mona Lisa Trust was a Florida trust.

Case No. 05-22163-CIV-HOEVELER

Plaintiff does not, and cannot, dispute that she executed documents representing to UBS International that Mona Lisa Trust was a corporation and that UBS International must take instructions regarding the Account either from her or from Mr. Vaughn. Plaintiff cannot avoid the plain import of the written representations she made to UBS International by conclusorily alleging that UBS International should somehow have acted contrary to her written instructions.

Again, Plaintiff's Memorandum in Opposition fails to cite any case law suggesting that she has any legally cognizable claim she can assert against UBS International. Even if one were to ignore the fact that Plaintiff admittedly opened a corporate account, and not a trust account, for Mona Lisa Trust, and were to accept that Mona Lisa Trust is a trust, that it has been terminated, and that Plaintiff now stands in the Mona Lisa Trust's shoes, only Mona Lisa Trust, not Plaintiff, had a relationship with UBS International. Plaintiff fails to allege that UBS International violated any duties to Mona Lisa Trust. In fact, Plaintiff never disputes that UBS International acted exactly as it had been instructed to act when Mona Lisa Trust opened its account with the firm.

As Plaintiff has not alleged any legally cognizable duty UBS International owed her, nor any breach of such a duty, UBS International respectfully submits that Plaintiff's claim against it must be dismissed.

**D. Should Plaintiff State a Claim For Which Relief Can Be Granted, That Claim Must Be Dismissed For Failure To Join Two Indispensable Parties Whose Joinder Would Deprive This Court of Jurisdiction.**

As is the case in other sections of her Memorandum in Opposition, this section of Plaintiff's Memorandum fails to cite any legal authority in support of Plaintiff's position. As set out in UBS International's Motion to Dismiss, both Florida and Federal law hold that trusts, trustees and

-4-

Case No. 05-22163-CIV-HOEVELER

beneficiaries are indispensable parties to actions involving trust property. Plaintiff's Amended Complaint acknowledges that both she and Mr. Vaughn have the right to withdraw funds from the Mona Lisa Trust account at UBS International and to give instructions to UBS International regarding the account. Amended Complaint, ¶ 28. Plaintiff's Amended Complaint seeks imposition of a constructive trust on the account that would terminate Mr. Vaughn's and Mona Lisa Trust's rights over the account, making Plaintiff sole owner of the account assets. Amended Complaint, p. 7. The Amended Complaint also asks that the Court enjoin UBS from taking instructions from anyone other than Plaintiff regarding the account. Amended Complaint, p. 7. The Amended Complaint also seeks an Order from the Court declaring her rights as to the account. Amended Complaint, p. 8.

Clearly, it is not possible to determine Plaintiff's claims without impacting Mona Lisa Trust's rights, any other beneficiaries' rights, Mr. Vaughn's rights and Trident Trust Company's rights. Further, failure to join these parties in this action exposes UBS International to the risk of inconsistent adjudications in proceedings involving Mona Lisa Trust, Trident Trust Company and/or Mr. Vaughn. While joinder of these indispensable parties will destroy diversity jurisdiction, it will not leave Plaintiff without a remedy. Plaintiff can bring her claims, if any, in arbitration or, should the Court find she has not agreed to arbitrate, in Florida State court.

## IV. CONCLUSION

Plaintiff must be compelled to arbitration. Alternatively, this action should be dismissed for failure to state a claim for which relief can be granted and failure to join indispensable parties.

Case No. 05-22163-CIV-HOEVELER

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and mailed this 30 day of February, 2006, to Carlos F. Concepcion, Esquire, Concepcion & Associates, P.A., 355 Alhambra Circle, Suite 1250, Miami, Florida 33134, to and to Andrew B. Rosenblatt, Esq., Andrew B. Rosenblatt, P.A., The Grand Bay Office Plaza, 2665 South Bayshore Drive, Suite 703, Miami, Florida  33133.

Respectfully submitted,

_____
Sara Soto
Fla. Bar No. 265152
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201